ROBERT H. FATT, JR., v. EDMUND VENTRONE.

158 So. 272.
Division B.
Opinion Filed December 21, 1934.

G. A. Worley, Jr., for Appellant;
Herbert S. Sepler, for Appellee.

BUFORD, J.—In this case appellee sought by a bill in chancery to cancel a bill of sale of personal property, or to have such bill of sale declared a mortgage and then have the mortgage declared to be invalid because of usury or else to have the bill of sale decreed to be a mortgage subject to redemption and to require an accounting and thereafter to decree the terms on which redemption should be had.

The bill of complaint alleged that the personal property was in the possession of the appellant, the defendant in the court below. The bill of complaint shows upon its face that the complainant in the court below did not have a full, adequate and complete remedy at law. His contention was that the defendant in the court below was pledgee of certain personal property, to-wit: an automobile, to secure a loan and that the complainant was the pledgor, and that the pledgee unlawfully retained possession of the property under a purported bill of sale which was in truth and fact a usurious mortgage.

Motion was made to dismiss the bill of complaint upon the ground, amongst others, that the bill was without equity and that it appears from the allegations of the bill that if complainant is entitled to any relief he has full, complete and adequate remedy at law. The motion should not have been granted as there was equity in the bill of complaint.

The decree appealed from should be affirmed and the cause remanded for further proceedings.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—Under the allegations of the bill, which are not set out in detail in the foregoing

opinion, it is a very close question whether or not the plaintiff had an adequate remedy at law. But I will resolve my doubts in favor of the conclusion reached by my associates that, on its face, the bill is not entirely without equity.